## HORTON v. TERRY.

(Supreme Court, Appellate Division, Third Department.   May 6, 1908.)

1. TRIAL—ARGUMENT OF COUNSEL—MISCONDUCT.

Where the case was very close on some of the issues presented for trial, it was prejudicial error for plaintiff's counsel in argument to state that defendant was a wealthy brick man, who had put up the price of brick, and that he was also an importer of negro labor, of which there was, no evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 285, 303–307.]

2. APPEAL—PREJUDICE—EXCEPTIONS.

In a close case, an exception to misconduct of plaintiff's counsel in making statements to the jury derogatory to defendant personally not sustained by the record cannot be overlooked on appeal.

Appeal from Ulster County Court.

Action by George K. Horton against Albert Terry.   From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals.   Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Howard Chipp, for appellant.
James Jenkins, for respondent.

PER CURIAM.  The action was to recover a balance alleged to be due the plaintiff from the defendant on an exchange of horses.  The defendant pleaded a general denial and payment.  The evidence on the trial was conflicting.  The case was closely contested, and on some of the issues the evidence was quite evenly balanced.  In his summing up to the jury, the plaintiff's counsel said:

"That Mr. Terry [the defendant] is a wealthy brick man, that has put the price of brick up, and that he is an importer of negro labor."

There was nothing in the evidence justifying any of these statements; and, if there had been, they were wholly immaterial upon any question being litigated.  The only possible purpose of making these remarks was to excite the prejudices of the jury against the defendant, and, as the case was a very close one under some of the issues presented for trial, it is reasonable to assume that the verdict in favor of the plaintiff was influenced thereby.  We think in a close case such as this was we cannot under the authorities overlook the exception interposed by the defendant's counsel at the time to those remarks, and that a new trial should be granted.  Bagully v. Morning Journal Association, 38 App. Div. 522, 56 N. Y. Supp. 506; Stewart v. Met. St. R. R. Co., 72 App. Div. 459, 76 N. Y. Supp. 540; Strickland v. N. Y. C. & H. R. R. Co., 88 App. Div. 367, 84 N. Y. Supp. 655; Benoit v. N. Y. C. & H. R. R. Co., 94 App. Div. 24, 87 N. Y. Supp. 951.  So long as counsel in their addresses to juries keep fairly within the issues and the evidence, large liberty of discussion should be afforded them; but, when they depart entirely from the evidence in their arguments, and make remarks intended solely to excite the passions or prejudices of a jury, there is every reason, especially in a close case, why the court should intervene and protect a party from a verdict rendered against him which may have been influenced by such remarks rather than by the evidence in the case.  The case of Dimon v. N. Y. C. & H. R. R. Co., 173 N. Y. 356, 66 N. E. 1, cited by the respondent, contains nothing against this view.  There the Court of Appeals failed to find in the record any proper exception which permitted it to pass upon the character and tendency of the closing address of plaintiff's counsel to the jury, and it pointed out a method by which such an exception could properly be procured, but here the defendant's counsel promptly called attention to the improper remarks, and the court allowed him an exception thereto.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.